UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

vs.                                Case No.:

MONIQUE RIVERS WILLIAMS, WAYFAIR, LLC,
JLBC CORPORATION, and FGO DELIVERS, LLC,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, EVANSTON INSURANCE COMPANY ("EVANSTON"), files this Complaint for Declaratory Relief against Defendants, MONIQUE RIVERS WILLIAMS, WAYFAIR, LLC, JLBC CORPORATION, and FGO DELIVERS, LLC and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

3. The controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This includes the cost to defend the Underlying Action and the damages claimed by MONIQUE RIVERS WILLIAMS. Demand letter attached as **Exhibit A.**

4. There is complete diversity of citizenship.

5. Pursuant to 28 U.S.C. § 1332(c)(1), EVANSTON is a company organized

under the laws of the State of Illinois and the principal place of business is in Illinois. Thus, EVANSTON is a citizen of **Illinois.**

6. MONIQUE RIVERS WILLIAMS is a citizen of **Florida.**

7. WAYFAIR, LLC is a foreign limited liability company organized under the laws of Delaware with its principal place of business in Massachusetts. WAYFAIR, LLC's sole member is SK Retail, Inc.  Pursuant to 28 U.S.C. § 1332(c)(1), SK Retail, Inc. is a company organized under the laws of the State of Massachusetts and the principal place of business is in Massachusetts. Thus, WAYFAIR, LLC is a citizen of **Massachusetts.**

8. Pursuant to 28 U.S.C. § 1332(c)(1), JLBC CORPORATION was a company organized under the laws of the State of Florida and the principal place of business is in Florida.  Thus, JLBC CORPORATION is a citizen of **Florida.**

9. FGO DELIVERS, LLC is a foreign limited liability company organized under the laws of New Jersey with its principal place of business in New Jersey. FGO DELIVERS, LLC has two members: Eric Mautner and Barrett Wolf, both of whom are citizens of New York.  Thus, FGO DELIVERS, LLC is a citizen of **New York.**

10. Venue is proper because this case involves a claim for declaratory relief regarding an underlying lawsuit brought in Pinellas County, Florida and incident that occurred in Pinellas County, Florida.

## THE POLICIES

11. EVANSTON issued commercial general liability insurance policy number 3AA184829 to JLBC CORPORTION for the policy period of September 1, 2018 through September 1, 2019.  **Ex. B.**  This will be referred to as "the Primary Policy."

12. EVANSTON issued excess insurance policy number EZXS1022107 to JLBC CORPORTION for the policy period of September 1, 2018 through September 1, 2019.  **Ex. C.**  This will be referred to as "the Excess Policy."

13. The Primary Policy provides:

    **SECTION I – COVERAGES**

    **COVERAGE A – BODILY IINJURY AND PROPERTY DAMAGE LIABILITY**

    **1.  Insuring Agreement**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

14. The Primary Policy contains the following exclusion and definition:

    **g. Aircraft, Auto Or Watercraft**

3

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
…

**11.**"Loading or unloading" means the handling of property:
     **a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

     **b.** While it is in or on an aircraft, watercraft or "auto"; or

     **c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

     but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

15. The Excess Policy provides:

    **SECTION I. INSURING AGREEMENT**
    …
    2.    This policy is subject to the same terms, conditions, agreements exclusions and definitions as the "underlying insurance"….

    **SECTION II. EXCLUSIONS**

> The exclusions applicable to the "underlying insurance" also apply to this policy.

16. The Primary Policy is "underlying insurance" in the Excess Policy.

## THE UNDERLYING ACTION

17. MONIQUE RIVERS WILLIAMS filed a lawsuit against WAYFAIR, LLC and JLBC CORPORATION in the Circuit Court in the 6th Judicial Circuit in and for Pinellas County, Florida, Case No. 2019-CA-003748. This will be referred to as the "Underlying Action."

18. The complaint in the Underlying Action alleges, *inter alia*, that MONIQUE RIVERS WILLIAMS purchased a headboard from WAYFAIR, LLC which WAYFAIR, LLC agreed to deliver to her residence.

19. The complaint in the Underlying Action alleges that JLBC CORPORATION was WAYFAIR, LLC's agent for purposes of the delivery.

20. The complaint in the Underlying Action alleges, *inter alia*, that WAYFAIR, LLC, through its agents, drove a delivery truck to MONIQUE RIVERS WILLIAMS' residence, entered the residence to deliver the headboard box, one or both of the delivery persons improperly placed the large headbox vertically and it fell on MONIQUE RIVERS WILLIAMS' head/neck/upperback.

21. The complaint in the underlying action alleges that WAYFAIR, LLC and JLBC CORPORATION were negligent by "failing to use due care when unloading the boxes", "failing to control and/or handle the heavy boxes,

causing it [sic] to tip over, fall and strike Plaintiff", "by failing to follow proper procedures and/or instructions when unloading or delivering heavy boxes so as to prevent it [sic] from tipping over, falling and striking individuals such as the Plaintiff."

22. The complaint in the underlying action alleges that WAYFAIR, LLC failed to safely deliver goods to MONIQUE RIVERS WILLIAMS.

23. The complaint is attached as **Exhibit D.**

## THE INDEMNITY ACTION

24. FGO DELIVERS, LLC filed a lawsuit against JLBC CORPORATION seeking contractual indemnity from JLBC CORPORATION for the Underlying Action. The complaint is attached as **Exhibit E**. This will be referred to as the Indemnity Action.

## COUNT I – DECLARATORY RELIEF

25. EVANSTON re-asserts paragraphs 1 – 24.

26. The Underlying Action alleges that MONIQUE RIVERS WILLIAMS was injured while the headboard was being moved from the delivery truck to the place where it is finally delivered.

27. Thus, the claims are excluded by the Aircraft, Auto Or Watercraft exclusion.

28. The Indemnity Action requests defense and indemnity from JLBC CORPORATION regarding the allegations made in the Underlying Action. Consequently, the claims in the Indemnity action also are excluded by the Aircraft, Auto Or Watercraft exclusion.

29. EVANSTON is defending JLBC CORPORATION in the Underlying Action subject to a reservation of rights.

30. WAYFAIR, LLC has requested that EVANSTON defend WAYFAIR, LLC in the Underlying Action.  EVANSTON declined because it has no duty to defend or indemnify WAYFAIR, LLC.

31. A dispute exists between the parties as to whether the policy provides coverage to any entity or person for the allegations against them in the Underlying Action and/or the Indemnity Action.  The dispute is concrete and definite.

32. A declaratory judgment would serve a useful purpose in settling the parties' legal obligations and would afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings.

33. An actual, present controversy exists as to whether the policy provides coverage to any party for the claims made in the Underlying Action or the Indemnity Action.

WHEREFORE, EVANSTON requests:

1. A declaration that EVANSTON has no duty to defend or indemnify any entity or party against or in the Underlying Action;

2. A declaration that EVANSTON has no duty to defend or indemnify any entity or party against or in the Indemnity Action;

3. Such other and further relief as to which the Court deems appropriate.

4. EVANSTON demands a jury trial.

Dated October 4, 2024.

        BUTLER WEIHMULLER KATZ CRAIG LLP

        /s/ *Matthew J. Lavisky*
        MATTHEW J. LAVISKY
        Florida Bar No.: 48109
        mlavisky@butler.legal
        400 N. Ashley Drive, Suite 2300
        Tampa, Florida  33602
        Telephone:  (813) 281-1900
        Facsimile:   (813) 281-0900
        *Counsel for Evanston*