Filing # 157505817 E-Filed 09/15/2022 03:19:24 PM

IN THE CIRCUIT COURT OF THE 8TH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

**MONIQUE RIVERS WILLIAMS,**

       Plaintiff,

v.

**WAYFAIR, LLC, a Foreign Limited**            CIVIL DIVISION
**Liability Corporation, and JLBC**
**CORPORATION, a Florida Profit Corporation**       CASE NO.:  2019-
                                               007348 CI

       Defendants

_____/

### PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **MONIQUE RIVERS WILLIAMS**, by and through the undersigned counsel, hereby sues the Defendants, **WAYFAIR, LLC, a Foreign Limited Liability Corporation, and JLBC CORPORATION, a Florida Profit Corporation** and alleges:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1.     This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2.     At all times material hereto, the Plaintiff, **MONIQUE RIVERS WILLIAMS**, was and is a resident of Pinellas County, Florida, and is otherwise *sui juris*.

***ELECTRONICALLY FILED 09/15/2022 03:19:24 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

3.      At all times material hereto, the Defendant, **WAYFAIR, LLC,** was and is a  Foreign Limited Liability Corporation organized under the Laws of the State of Florida and doing business in Pinellas County, Florida.

4.      At all times material hereto, the Defendant, **JLBC CORPORATION** (hereinafter "**JLBC**") was and is a Florida Profit Corporation licensed and doing business in Pinellas County, Florida.

5.      Venue is proper in this County in that the Defendants do business in Pinellas County, Florida, and/or all of the acts complained of herein occurred in Pinellas County, Florida.

## FACTUAL ALLEGATIONS TO ALL COUNTS

6.      That before February 14, 2019, the Plaintiff, **MONIQUE RIVERS WILLIAMS**, purchased from **WAYFAIR, LLC** a king headboard which **WAYFAIR, LLC** agreed to deliver to her residence.

7.      That on or about February 14, 2019, the Plaintiff, **MONIQUE RIVERS WILLIAMS**, was in her place of residence waiting for a delivery from Defendant, **WAYFAIR, LLC.**

8.      That Plaintiff, **MONIQUE RIVERS WILLIAMS**, had no knowledge of **JLBC,** at the time of her purchase from **WAYFAIR, LLC,** no knowledge prior to delivery from **WAYFAIR, LLC,** no knowledge at the time of the delivery, nor after the delivery.

9.      That on or about February 14, 2019, Defendant, **WAYFAIR, LLC** was delivering the purchased king size Mahogany headboard to the Plaintiff, **MONIQUE RIVERS WILLIAMS,** at her place of residence.

10.      Defendant, **WAYFAIR, LLC**, by and through its agents, drove a delivery truck with **WAYFAIR, LLC** displayed on the truck, while wearing apparel displaying **WAYFAIR, LLC,** entered the residence to deliver the headboard box, when one or both of the delivery persons improperly placed the large headboard box vertically. This headboard box then fell on the Plaintiff's head/neck/upperback.

11.      Defendant, **WAYFAIR, LLC's** agent then contacted **WAYFAIR, LLC** about this incident.

12.      Plaintiff, **MONIQUE RIVERS WILLIAMS**, spoke to **WAYFAIR, LLC's** representative later that evening about this incident.

## COUNT I

### CLAIM AGAINST DEFENDANT, WAYFAIR, LLC
### VICARIOUS LIABILITY FOR THE NEGLIGENCE OF JLBC.
### (APPARENT AGENCY THEORY)

The Plaintiffs adopt and reallege paragraphs 1 through 11 and further alleges:

13.      At all times material hereto, Defendant, **WAYFAIR, LLC**, had a duty by and through its apparent agents to delivered goods in a safe and reasonable

manner to Plaintiff, **MONIQUE RIVERS WILLIAMS**, in accordance with the accepted standards of delivery persons.

14.     Defendant, **WAYFAIR LLC's** actions may had caused or allowed Plaintiff, **MONIQUE RIVERS WILLIAMS** to believe that Defendant **JLBC** was an apparent agent of Defendant, **WAYFAIR, LLC**.

15.     Defendant, **WAYFAIR, LLC**'s issued Defendant **JLBC** apparel/clothing to wear during **WAYFAIR, LLC** deliveries which contained **WAYFAIR, LLC's** logo. The apparel/clothing in no way identified **JLBC** as a non-employee of **WAYFAIR, LLC.**

16.     Defendant, **WAYFAIR, LLC**'s issued Defendant **JLBC** sticker(s) which contained **WAYFAIR, LLC's** logo, to install and display on the delivery truck used on **WAYFAIIR, LLC** deliveries.

17.     Defendant, **WAYFAIR, LLC** provided delivery schedules to Defendant **JLBC.**

18.     Defendant, **WAYFAIR, LLC** provided delivery instructions to Defendant **JLBC.**

19.     Defendant, **WAYFAIR, LLC** facilitated daily morning delivery meetings with Defendant **JLBC.**

20.     Defendant, **WAYFAIR, LLC** would contact and notify Defendant **JLBC** delivery persons if **WAYFAIR, LLC** customers would contact **WAYFAIR, LLC** and request a change in delivery schedule.

21.     Defendant, **WAYFAIR, LLC** would be contacted and notified by Defendant **JLBC** if **JLBC** delivery persons had issues with their delivery schedules.

22.     Defendant, **WAYFAIR, LLC** required Defendant, **JLBC** to provide **WAYFAIR, LLC** delivery documentation to the **WAYFAIR, LLC** upon completion of the delivery.

23.     **WAYFAIR, LLC's** delivery documentation included **WAYFAIR, LLC's** logo and direct customer service phone number.

24.     Defendant, **WAYFAIR, LLC** would pay a bonus directly to Defendant, **JLBC**, delivery persons based on their delivery performance.

25.     Plaintiff relied upon the representation of Defendant, **WAYFAIR, LLC'S**, that **WAYFAIR, LLC** would be delivering the purchased **WAYFAIR, LLC** goods.

26.     Plaintiff's   reliance   on   Defendant,   **WAYFAIR, LLC's** representations caused injury and a change in position as follows: failure to safely deliver goods to Plaintiff, **MONIQUE RIVERS WILLIAMS** resulting in her permanent injuries.

27.     At all times material to this cause of action **JLBC** was the apparent agent of **WAYFAIR, LLC**, and was acting within the scope of their apparent agency.

28**.**     **WAYFAIR, LLC**, by its words or conduct, caused or allowed Plaintiff to believe that **WAYFAIR, LLC** could provide safe deliveries to Plaintiff **MONIQUE RIVERS WILLIAMS,** including **JLBC**, were the agents of **WAYFAIR, LLC** and had authority to act for **WAYFAIR, LLC**.

29.     Delivery of goods are an essential function of **WAYFAIR, LLC**, and **WAYFAIR, LLC** is intimately involved in the delivery of their purchased goods. **WAYFAIR, LLC** furnishes the purchased goods, provides the warehouse for pickup of goods to be delivered, provides instruction and has pre-delivery meetings, supplies clothing/apparel with **WAYFAIR, LLC** logo(s) for delivery persons to wear, and supplies **WAYFAIR, LLC** logo sticker(s) to be placed on delivery trucks.

30.     Plaintiff went to **WAYFAIR, LLC** because she believed **WAYFAIR, LLC** was capable of producing and delivering the goods **MONIQUE RIVERS WILLIAMS** purchased as a customer given **WAYFAIR, LLC's** presentation to the community of selling quality goods and providing shipping and delivery. **WAYFAIR, LLC** did not attempt to secure delivery persons on their own, but accepted the delivery persons that were provided to them by **JLBC** and allowed them to deliver the purchased goods to **MONIQUE RIVERS WILLIAMS**.

**WAYFAIR, LLC** provided **MONIQUE RIVERS WILLIAMS** with an independent contractor, **JLBC**, without any input or choice exercised by Plaintiff.

31.     There were no signs or notices on the purchase made with **WAYFAIR, LLC** to inform Plaintiff that **JLBC** was not an agent of **WAYFAIR, LLC's,** and **WAYFAIR, LLC** made no other representations to Plaintiff denying **JLBC's** employment status.

32.     In accepting services from **JLBC** for goods purchased through **WAYFAIR, LLC**, Plaintiff justifiably relied upon the belief that the delivery persons were an agent of **WAYFAIR, LLC** and that **WAYFAIR, LLC** would be responsible for their negligence, which occurred while they were acting within the scope of their apparent authority to provide services on behalf of **WAYFAIR, LLC**.

33.     Therefore, **WAYFAIR, LLC** is liable for the negligence of **JLBC** whose breach of the standard of care was the direct and proximate cause of the permanent injuries of **MONIQUE RIVERS WILLIAMS**.  The Plaintiff claim the damages listed below.

### COUNT II - NEGLIGENCE CLAIM AGAINST JLBC

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 11 as if fully set forth herein.

34.     Apparently, Defendant, **WAYFAIR, LLC**, hired Defendant, **JLBC**, to deliver purchased **WAYFAIR, LLC** goods to **WAYFAIR, LLC** customers**.**

35.    Defendant, **JLBC**, picked up the **WAYFAIR, LLC** goods at the **WAYFAIR, LLC** warehouse.

36.    Defendant, **JLBC**, then delivered the purchased **WAYFAIR, LLC** goods to the residence of Plaintiff, **MONIQUE RIVERS WILLIAMS**.

37.    Defendant, **JLBC's** servants, agents and/or employees breached their duty of reasonable care owned to the Plaintiff, **MONIQUE RIVERS WILLIAMS**, in one or more ways, including but not limited to, those acts and omissions set forth below:

    a.    By failing to use due care when unloading the boxes;

    b.    By failing to control and/or handle the heavy boxes, causing it to tip over, fall and strike the Plaintiff;

    c.    By failing to follow proper procedure and/or instructions when unloading or delivering heavy boxes so as to prevent it from tipping over, falling and striking individuals such as the Plaintiff, and/or

    d.    Was otherwise negligent.

38.    That the Defendant **JLBC**, its agents, servants and/or employees knew or should of known that its acts and omissions would cause harm and injury to Plaintiff.

39.     As a direct and proximate result of the aforementioned negligence

the Defendant, **JLBC**, the Plaintiff, **MONIQUE RIVERS WILLIAMS**, has in the

past suffered  and will in the future continue to suffer mental anguish, emotional and

physical pain and suffering, resulting pain and suffering, disability, trauma,

inconvenience and loss of capacity for the enjoyment of life experienced in the past

and to be experienced in the future, aggravation of a pre-existing condition, expense

of medical care and treatment, loss of earnings, and loss of ability to earn money in

the future.   These losses are permanent and continuing in nature and Plaintiff**,**

**MONIQUE RIVERS WILLIAMS,** will continue to suffer these losses in the

future.

WHEREFORE, Plaintiff, **MONIQUE RIVERS WILLIAMS**, hereby

demands judgment for damages, costs and interest from the Defendant, **JLBC,**

together with whatever other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiff, **MONIQUE RIVERS WILLIAMS,** hereby demands trial by

jury of all issues so triable as a matter of right.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was

electronically submitted on this **15th** day of **September 2022**, to: Brian D.

Rubenstein, Esq. and Kathryn L. Lopez, Esq., COLE SCOTT & KISSANE, P.A., 4301 West Boy Scout Boulevard, Suite 400, Tampa, Fl 33607 brian.rubensteinlaw@csklegal.com; amy.recla@csklegal.com; and alison.collier@csklegal.com; and Krista Fowler Acuña, Esquire, Jerry D. Hamilton, Esq., and Charlotte P. Zubizarreta, Esq. HAMILTON, MILLER & BIRTHISEL, LLP, 150 Southeast Second Avenue, Suite 1200, Miami, Fl 33131 kacuna@hamiltonmillerlaw.com; jhamilton@hamiltonmillerlaw.com; czubizarreta@hamiltonmillerlaw.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 South Dadeland Boulevard
Datran II – Penthouse
Miami, Fl 33156
Phone: (305) 661-66000
Fax: (786) 230-2934
Email: raul@rubensteinlaw.com
    chrisgaj@rubensteinlaw.com
    nancy@rubensteinlaw.com
    eservice@rubensteinlaw.com

By:    /s/ *Raul E. Garcia*
    **RAUL E. GARCIA**
    Florida Bar No.: 854654
    **CHRISTOPHER GAJ**
    Florida Bar No.: 103895