UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.                                                Case No. 8:24-cv-02330-MSS-AEP

MONIQUE RIVERS WILLIAMS,
WAYFAIR, LLC, JLBC CORPORATION,
AND FGO DELIVERS, LLC,

    Defendants.
_____/

## ORDER TO SHOW CAUSE

This cause comes before the Court upon Plaintiff's Moton for Clerk's Entry of Default against Defendant JLBC Corporation ("JLBC") (Doc. 20). By the Motion, Plaintiff requests a clerk's entry of default against JLBC pursuant to Federal Rule of Civil Procedure 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, a plaintiff must serve the summons and the complaint properly before a default may be entered. *United States v. Demesmin*, No. 6:17-CV-36-ORL-31KRS, 2018 WL 1988864, at *2 (M.D. Fla. Mar. 14, 2018). As explained below, Plaintiff did not properly serve JLBC.

Federal Rule of Civil Procedure 4(h) governs service of process upon corporations, partnerships, or associations and provides:

>   a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>   (1) in a judicial district of the United States:
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>   (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Here, the Return of Service filed by Plaintiff indicates that a "Jane Doe as Co-Resident of RA for JLBC Corporation" received service for JLBC at the alternate address of 2015 W. Kirby Street, Tampa, Florida. Such service is not compliant with the rule. Rule(4)(e)(1) states that an individual may be served by following the law for service of process in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Here, Florida law provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). However, the return of service filed in this matter does not identify Ms. Doe as any such person. Moreover, Ms. Doe has not been identified as an officer, managing agent, or other individual authorized to accept service, the other method for effectuating service under Rule 4(h). To the contrary, the identity of Ms. Doe as a whole is completely unknown. Accordingly, it is hereby

ORDERED:

1. On or before April 2, 2025, Plaintiff shall either: 1) file an amended return of service which contains which contains sufficient information for the Court to determine whether JLBC was properly served pursuant to Federal Rule of Civil Procedure 4(h) or 2) show cause in writing why this Court should not deny plaintiff's request for entry of a clerk's default as to JLBC.

DONE AND ORDERED in Tampa, Florida, on this 19th day of March 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record

3