UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.                                                Case No. 8:24-cv-02330-MSS-AEP

MONIQUE RIVERS WILLIAMS,
WAYFAIR, LLC, JLBC CORPORATION,
AND FGO DELIVERS, LLC,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon Plaintiff's Amended Return of Service for Defendant JLBC Corporation ("JLBC") (Doc. 22). On February 20, 2025, Plaintiff filed a Motion for Clerk's Entry of Default against JLBC (Doc. 20). In response, the Court issued an Order to Show Cause, highlighting several deficiencies in the return of service (Doc. 21). Plaintiff was directed to either "1) file an amended return of service which contains which contains sufficient information for the Court to determine whether JLBC was properly served pursuant to Federal Rule of Civil Procedure 4(h) or 2) show cause in writing why this Court should not deny plaintiff's request for entry of a clerk's default as to JLBC" (Doc. 21). Plaintiff has since filed an amended return of service (Doc. 22). Unfortunately, it corrects none of the deficiencies previously highlighted by this Court.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, a plaintiff must serve the summons and the complaint properly before a default may be entered. *United States v. Demesmin*, No. 6:17-CV-36-ORL-31KRS, 2018 WL 1988864, at *2 (M.D. Fla. Mar. 14, 2018). Federal Rule of Civil Procedure 4(h) governs service of process upon corporations, partnerships, or associations and provides:

> a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Here, the amended return of service filed by Plaintiff still indicates that a "Jane Doe as Co-Resident of RA for JLBC Corporation" received service for JLBC at the alternate address of 2015 W. Kirby Street, Tampa, Florida. In its amended return, Plaintiff has merely added a note indicating that "subject is a known evader of service of process. Server served co-resident who acknowledged that she resides at the abode with the R/A Jorge L. Bueno Contreras, and that R/A

2

resides there and was not home at the time of service" (Doc. 22). Such service is not compliant with the rule. Rule(4)(e)(1) states that an individual may be served by following the law for service of process in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Here, Florida law provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). However, the return of service filed in this matter does not identify Ms. Doe as any such person. Moreover, Ms. Doe has not been identified as an officer, managing agent, or other individual authorized to accept service, the other method for effectuating service under Rule 4(h). Ms. Doe's status as an alleged co-resident with registered agent Jorge L. Bueno Contreras does not make her a proper party upon which to effectuate service. The Court recognizes Plaintiff's assertion that JLBC's registered agent may be evading service. However, this situation is contemplated by the Florida statute which allows the Secretary of State to be served on the corporation's behalf after the moving party has exhausted all other possible options detailed under the statute. Fla. Stat. § 48.081(4)(b). Here, Plaintiff did not attempt such service. Moreover, more than 90 days have passed since the Complaint in this matter was issued. Rule 4 provides that when a defendant has not been served within 90 days after the Complaint is filed, the Court must dismiss the action without prejudice against that defendant. Fed. R. Civ. P. 4(m).

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Clerk's Entry of Default against JLBC (Doc. 20) is DENIED.

2. Plaintiff is directed to show cause by May 1, 2025, as to why Defendant JLBC Corporation should not be dismissed from this matter.

DONE AND ORDERED in Tampa, Florida, on this 10th day of April 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record